# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-275-RJC-DCK

| | |
|---|---|
| THOMASINA GEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| | ) AND ORDER |
| CHARLOTTE MECKLENBURG SCHOOLS, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

Plaintiff Thomasina Gean ("Plaintiff" or "Gean"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1) on June 24, 2015. The Complaint identifies "CMS," "Huntingtowne Farms," and "H.R." as Defendants, and suggests that Plaintiff has been discriminated against based on her race and/or in retaliation for filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Document No. 1). The Complaint includes little, if any, factual support for Plaintiff's claims and is notably vague about when the alleged discriminatory acts occurred. Id.

On July 20, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*, and directed her "to furnish the Court with the EEOC Notice of Charge so that the Court may determine the scope of this lawsuit." (Document No. 3). On September 3, 2015, Plaintiff was granted an extension to file a copy of her EEOC documents, and was allowed an opportunity to file an Amended Complaint. (Document No. 5). Plaintiff eventually filed copies of additional EEOC documents on October 14, 2015, but did not file an Amended Complaint. (Document No. 8).

"Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 11) was filed on November 9, 2015. Defendant "Charlotte Mecklenburg Schools, properly known as the Charlotte-Mecklenburg Board of Education" ("Defendant" or the "Board") focuses its arguments for dismissal on the Court's lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 11-1, pp.4-10). In addition, Defendant asserts that it has never been properly served in this case, and therefore, dismissal is also appropriate pursuant to Fed.R.Civ.P. 12(b)(2), (4) and/or (5). (Document No. 11-1, pp.10-12).

Plaintiff filed a "…Civil Suit Response" (Document No. 13) on November 24, 2015. In that document, Plaintiff requests that if the Court finds merit in Defendant's argument, she have the "opportunity to file an amended document to continue the civil case against Charlotte Mecklenburg Schools/Charlotte Mecklenburg Board of Education." (Document No. 13, p.2). Otherwise, Plaintiff's response mostly includes a series of factual allegations that do not appear to address Defendant's arguments for dismissal. (Document No. 13). Defendant immediately filed its notice of intent not to reply. (Document No. 14).

Based on the foregoing, the pending motion to dismiss is ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

### III. DISCUSSION

Although filed in June 2015, this matter is still in the earliest stages of litigation. There has been no certification of initial attorney's conference, and it appears that no discovery has taken place. After careful consideration of the record, the pending motion, and Plaintiff's response, the undersigned finds good cause to allow *pro se* Plaintiff to amend her Complaint. In short, the undersigned believes that an Amended Complaint, along with service of a timely and accurate Summons, will likely allow the Court a better opportunity for meaningful review of the merits of Plaintiff's claims.

In amending her Complaint, the Court respectfully encourages Plaintiff to carefully consider the alleged defects in the original Complaint identified by Defendant, as well as the standards set forth above. See (Document No. 11). Moreover, Plaintiff should identify proper defendant(s) and see that a complete and accurate Summons is prepared for timely service on such defendant(s). Plaintiff's Amended Complaint should attach any relevant Charge Of Discrimination and Notice Of Right To Sue.

4

Because the undersigned will order Plaintiff to file an Amended Complaint which will supersede the original Complaint, the undersigned will respectfully recommend that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 11) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## IV.  ORDER AND RECOMMENDATION

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file an Amended Complaint on or before **May 16, 2016**.

**BASED ON THE FOREGOING**, the undersigned respectfully **RECOMMENDS** that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 11) be **DENIED AS MOOT**, without prejudice to re-file.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send a copy of this "Memorandum And Recommendation And Order" to the *pro se* Plaintiff by certified mail, return receipt requested.

**SO ORDERED AND RECOMMENDED**.

Signed: April 15, 2016

David C. Keesler
United States Magistrate Judge