# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-275-RJC-DCK

| | |
|---|---|
| THOMASINA GEAN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| | ) AND ORDER |
| CHARLOTTE MECKLENBURG SCHOOLS, | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 23); Plaintiff's request to amend her "Charge of Discrimination" (Document No. 28); "Defendant's Motion To Strike Plaintiff's Surreply" (Document No. 30); and "Defendant's Motion To Strike Plaintiff's Miscellaneous Filing Or Improper Surreply" (Document No. 35). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion to dismiss be <u>denied</u>, and order that the motions to amend a charge of discrimination, and to strike, be <u>denied</u>.

## I. BACKGROUND

Plaintiff Thomasina Gean ("Plaintiff" or "Gean"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1) on June 24, 2015. The Complaint identifies "CMS," "Huntingtowne Farms," and "H.R." as Defendants, and suggests that Plaintiff has been discriminated against based on her race and/or in retaliation for filing a Charge of

Discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Document No. 1).  A "Notice Of Right To Sue" (Document No. 1-1) related to EEOC Charge No. 430-2015-00995 and dated April 24, 2015, is attached to the Complaint and appears to be the basis for the lawsuit.  Id.  The Complaint includes little, if any, factual support for Plaintiff's claims and is notably vague about when the alleged discriminatory acts occurred.  Id.

On July 20, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*, and directed her "to furnish the Court with the EEOC Notice of Charge so that the Court may determine the scope of this lawsuit," within 20 days.  (Document No. 3).  On September 3, 2015, Plaintiff was granted an extension to file a copy of her EEOC documents, and was allowed an opportunity to file an Amended Complaint.  (Document No. 5).

Plaintiff eventually filed copies of additional EEOC documents on October 14, 2015, but did not file an Amended Complaint.  (Document No. 8).  The two page filing included a "Dismissal And Notice Of Rights" (Document No. 8) related to EEOC Charge No. 430-2013-01908, mailed to Plaintiff by the EEOC on January 30, 2014;  and a "Charge Of Discrimination," Charge No. 430-2015-00995 (Document No. 8-1) dated April 15, 2015, and specifically alleging retaliation on April 15, 2015.  The "Charge Of Discrimination" No. 430-2015-00995 also alleges Plaintiff suffered retaliation resulting from "a previous EEOC charge against this employer (430-2013-1908)."  (Document No. 8-1).

"Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 11) was filed on November 9, 2015.  Defendant "Charlotte Mecklenburg Schools, properly known as the Charlotte-Mecklenburg Board of Education" ("Defendant" or the "Board") focused its arguments for dismissal on the Court's lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), and an alleged failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P.

12(b)(6). (Document No. 11-1, pp.4-10). In addition, Defendant asserted that it had never been properly served in this case, and therefore, dismissal was also appropriate pursuant to Fed.R.Civ.P. 12(b)(2), (4) and/or (5). (Document No. 11-1, pp.10-12).

Plaintiff filed a "…Civil Suit Response" (Document No. 13) on November 24, 2015. In that document, Plaintiff requests that if the Court finds merit in Defendant's argument, she have the "opportunity to file an amended document to continue the civil case against Charlotte Mecklenburg Schools/Charlotte Mecklenburg Board of Education." (Document No. 13, p.2). Otherwise, Plaintiff's response mostly includes a series of factual allegations that do not appear to address Defendant's arguments for dismissal. (Document No. 13). Defendant immediately filed its notice of intent not to reply. (Document No. 14).

On April 18, 2016, the undersigned issued a "Memorandum and Recommendation And Order" ordering Plaintiff to file an Amended Complaint by May 16, 2016, and recommending that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 11) be denied as moot, without prejudice to re-file. (Document No. 17). In directing Plaintiff to amend her Complaint, the Court respectfully encouraged Plaintiff to carefully consider the alleged defects in the original Complaint identified by Defendant, as well as the standards of review. (Document No. 17) (citing Document No. 11). In addition, Plaintiff was advised to "identify proper defendant(s) and see that a complete and accurate Summons is prepared for timely service on such defendant(s)," and to "attach any relevant Charge Of Discrimination and Notice Of Right To Sue." Id. Noting no objections, the Honorable Robert J. Conrad, Jr. adopted the undersigned's "Memorandum and Recommendation And Order" (Document No. 17) on May 9, 2016. (Document No. 20).

Plaintiff filed a document titled "Amendment to Amended Complaint" (Document No. 21) on May 16, 2016. Instead of filing an Amended Complaint as ordered by the Court, it appears that

Plaintiff filed a list of factual allegations. (Document No. 21). Even liberally construed, this filing does not appear to satisfy the basic requirements of Rule 8 of the Federal Rules of Civil Procedure. (Document No. 21). Plaintiff's "Amendment to Amended Complaint" also does not attach any charges of discrimination or notices of rights to sue, but references alleged charges numbered 430-2015-00995 and 430-2015-01464. (Document No. 21).

"Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 23) was filed on May 31, 2016, and contends that this Court lacks personal and subject matter jurisdiction, and that the Amended Complaint fails to state a claim upon which relief can be granted. (Document No. 23). The motion to dismiss notes that the "Amendment to Amended Complaint" (Document No. 21) appears to claim discrimination based on race and age, although the underlying Charge of Discrimination filed with the EEOC on April 15, 2015, claims retaliation. (Document No. 23-1, p.5). Defendant also notes that the "Amended Complaint" "appears to allege *a completely different set of facts* as the basis for her claims." Id. (citing Document No. 21).

Plaintiff filed a response (Document No. 25) to the motion to dismiss on June 6, 2016; and "Defendant's Reply…" (Document No. 26) was filed on June 15, 2016. On June 23, 2016, Plaintiff filed what the Court refers to as a "Sur-reply" (Document No. 29).[1]

On June 15, 2016, Plaintiff filed a request (Document No. 28) which the undersigned construes as a motion to amend a "Charge of Discrimination." See (Document No. 28) (citing Document No. 27).

Also pending before the Court are Defendant's "…Motion To Strike Plaintiff's Surreply" (Document No. 30) and "…Motion To Strike Plaintiff's Miscellaneous Filing Or Improper Surreply (Document No. 35). The first seeks to "strike" Plaintiff's "Sur-Reply" (Document No.

---

[1] Generally, sur-replies are disfavored by this Court and are only allowed after a party seeks leave to make such a filing. See Local Rule 7.1 (E).

29) referenced above. (Document No. 30). The second seeks to strike another filing construed by the undersigned (and Defendant) as a sur-reply (Document No. 34). (Document No. 35).

The pending motions are now ripe for review and disposition.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

### III. DISCUSSION

This is a frustrating situation. This lawsuit has been pending for over a year, and little, if any, progress has been made. Notably, there have been multiple requests and orders regarding the need for an "Amended Complaint;" however, it appears that the record still lacks a proper Amended Complaint that satisfies Fed.R.Civ.P. 8 and attaches relevant EEOC documents.

Understandably, Defendant construes *pro se* Plaintiff's "Amendment To Amended Complaint" (Document No. 21) as the "Amended Complaint" in this case, because the Court directed that an Amended Complaint be filed by that date. As noted above, however, Plaintiff's filing appears to primarily be a list of additional facts she wishes the Court to consider, rather than an independent Complaint, consistent with Rule 8, that would dictate the next steps in this litigation.

As such, and with some reluctance, the undersigned finds that the motion to dismiss should again be denied without prejudice. Regrettably, this will cause further delay, but the undersigned

6

is persuaded that *pro se* Plaintiff should have one final opportunity to file an Amended Complaint. Upon the filing of that Amended Complaint, Defendant can certainly renew its motion to dismiss, if it so desires.

The crux of Plaintiff's claim seems to be that she was terminated by the Charlotte Mecklenburg School Board in 2015, after about ten (10) years of employment, in retaliation for filing one or more charges with the EEOC in or around 2014. Moreover, Plaintiff filed a "Charge Of Discrimination" (Document No. 8-1) on April 15, 2015 that alleges retaliation, received a "Notice Of Right To Sue" (Document No. 1-1) on or about April 24, 2015, and then timely filed her original "Complaint" (Document No. 1) on June 24, 2015.

In filing an Amended Complaint, Plaintiff may use the same form Complaint she used originally, attaching additional information such as supporting facts, as appropriate. Any Amended Complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, and should also include the relevant charge(s) of discrimination <u>and</u> notice(s) or right to sue. The Amended Complaint is also a final opportunity for Plaintiff to accurately identify the defendant(s) and to describe her claims.

To the extent Plaintiff has filed a motion seeking leave to amend a Charge of Discrimination submitted to the EEOC, the Court lacks authority to provide such relief. <u>See</u> (Document Nos. 27 and 28). *If* Plaintiff is seeking to add additional claims to this action, she will now have one final opportunity as discussed above. However, as noted by the EEOC, the "Charge Of Discrimination" No. 430-2016-01556 appears to have been untimely filed and is therefore unlikely to support any additional claims in this lawsuit. <u>See</u> (Document Nos. 27 and 28).

Based on the foregoing, Defendant's motions to strike Plaintiff's sur-replies and/or any other miscellaneous filing will be denied as moot. The Court understands Defendant's frustrations.

Both parties are respectfully advised to review and abide by the Local Rules of this Court and the Federal Rules of Civil Procedure. In particular, if a party seeks relief, it shall file a proper motion pursuant to the Rules; the other side shall then file a brief in response; and then the original movant shall file a reply brief in support of the motion, or notice of intent not to reply. See Local Rule 7.1. Letters to the Court and sur-replies are rarely necessary or appropriate.

## IV. RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 23) be **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED** that Plaintiff's request to amend her "Charge of Discrimination" (Document No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that "Defendant's Motion To Strike Plaintiff's Surreply" (Document No. 30) and "Defendant's Motion To Strike Plaintiff's Miscellaneous Filing Or Improper Surreply" (Document No. 35) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an "Amended Complaint," as described herein, on or before **October 6, 2016**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the

District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send a copy of this "Memorandum And Recommendation And Order" to the *pro se* Plaintiff by certified mail, return receipt requested.

**SO ORDERED AND RECOMMENDED**.

Signed: September 20, 2016

David C. Keesler
United States Magistrate Judge