IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-275-RJC-DCK

| | |
|---|---|
| THOMASINA GEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| CHARLOTTE MECKLENBURG SCHOOLS, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Amended Response/Complaint" (Document No. 43). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

**I. BACKGROUND**

Plaintiff Thomasina Gean ("Plaintiff" or "Gean"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1) on June 24, 2015. The Complaint identified "CMS," "Huntingtowne Farms," and "H.R." as Defendants, and suggested that Plaintiff had been discriminated against based on her race and/or in retaliation for filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Document No. 1). A "Notice Of Right To Sue" (Document No. 1-1) related to EEOC Charge No. 430-2015-00995 and dated April 24, 2015, was attached to the Complaint and appears to be the basis for the

lawsuit.  Id.  The Complaint included little, if any, factual support for Plaintiff's claims and was notably vague about when the alleged discriminatory acts occurred.  Id.

On July 20, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*, and directed her "to furnish the Court with the EEOC Notice of Charge so that the Court may determine the scope of this lawsuit," within 20 days.  (Document No. 3).  On September 3, 2015, Plaintiff was granted an extension to file a copy of her EEOC documents, and was allowed an opportunity to file an Amended Complaint.  (Document No. 5).

Plaintiff eventually filed copies of additional EEOC documents on October 14, 2015, but did not file an Amended Complaint.  (Document No. 8).  The two-page filing included a "Dismissal And Notice Of Rights" (Document No. 8) related to EEOC Charge No. 430-2013-01908, mailed to Plaintiff by the EEOC on January 30, 2014;  and a "Charge Of Discrimination," Charge No. 430-2015-00995 (Document No. 8-1) dated April 15, 2015, specifically alleging retaliation on April 15, 2015.  The "Charge Of Discrimination" No. 430-2015-00995 also alleges Plaintiff suffered retaliation resulting from "a previous EEOC charge against this employer (430-2013-1908)."  (Document No. 8-1).

"Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 11) was filed on November 9, 2015.  Defendant "Charlotte Mecklenburg Schools, properly known as the Charlotte-Mecklenburg Board of Education" ("Defendant" or the "Board") focused its arguments for dismissal on the Court's lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), and an alleged failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 11-1, pp.4-10).  In addition, Defendant asserted that it had never been properly served in this case, and therefore, dismissal was also appropriate pursuant to Fed.R.Civ.P. 12(b)(2), (4) and/or (5).  (Document No. 11-1, pp.10-12).

Plaintiff filed a "…Civil Suit Response" (Document No. 13) on November 24, 2015. In that document, Plaintiff requested that if the Court finds merit in Defendant's argument, she have the "opportunity to file an amended document to continue the civil case against Charlotte Mecklenburg Schools/Charlotte Mecklenburg Board of Education." (Document No. 13, p.2). Otherwise, Plaintiff's response mostly included a series of factual allegations that did not appear to address Defendant's arguments for dismissal. (Document No. 13). Defendant immediately filed its notice of intent not to reply. (Document No. 14).

On April 18, 2016, the undersigned issued a "Memorandum and Recommendation And Order" ordering Plaintiff to file an Amended Complaint by May 16, 2016, and recommending that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 11) be denied as moot, without prejudice to re-file. (Document No. 17). In directing Plaintiff to amend her Complaint, the Court respectfully encouraged Plaintiff to carefully consider the alleged defects in the original Complaint identified by Defendant, as well as the standards of review. (Document No. 17) (citing Document No. 11). In addition, Plaintiff was advised to "identify proper defendant(s) and see that a complete and accurate Summons is prepared for timely service on such defendant(s)," and to "attach any relevant Charge Of Discrimination and Notice Of Right To Sue." Id. Noting no objections, the Honorable Robert J. Conrad, Jr. adopted the undersigned's "Memorandum and Recommendation And Order" (Document No. 17) on May 9, 2016. (Document No. 20).

Plaintiff filed a document titled "Amendment to Amended Complaint" (Document No. 21) on May 16, 2016. Instead of filing an Amended Complaint as ordered by the Court, it appears that Plaintiff filed a list of factual allegations. (Document No. 21). Even liberally construed, this filing did not appear to satisfy the basic requirements of Rule 8 of the Federal Rules of Civil Procedure. (Document No. 21). Plaintiff's "Amendment to Amended Complaint" also did not attach any

charges of discrimination or notices of rights to sue, but references alleged charges numbered 430-2015-00995 and 430-2015-01464.  (Document No. 21).

"Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 23) was filed on May 31, 2016, and argued that this Court lacks personal and subject matter jurisdiction, and that the Amended Complaint failed to state a claim upon which relief can be granted. (Document No. 23).  The motion to dismiss noted that the "Amendment to Amended Complaint" (Document No. 21) appears to claim discrimination based on race and age, although the underlying Charge of Discrimination filed with the EEOC on April 15, 2015, claims retaliation.  (Document No. 23-1, p.5).  Defendant also noted that the "Amended Complaint" "appeared to allege *a completely different set of facts* as the basis for her claims."  Id.  (citing Document No. 21).

Plaintiff filed a response (Document No. 25) to the motion to dismiss on June 6, 2016; and "Defendant's Reply…" (Document No. 26) was filed on June 15, 2016.  On June 23, 2016, Plaintiff filed what the Court refers to as a "Sur-reply" (Document No. 29).[1]  On June 15, 2016, Plaintiff filed a request (Document No. 28), which the undersigned construes as a motion to amend a "Charge of Discrimination."  See (Document No. 28) (citing Document No. 27).

The undersigned issued a "Memorandum And Recommendation And Order" (Document No. 40) on September 21, 2016, recommending that "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 23) be denied without prejudice, and ordering that the request to amend "Charge Of Discrimination" (Document No. 28) and Defendant's motions to strike sur-replies (Document Nos. 30 and 35) be denied.  In that "Memorandum And Recommendation And Order," the undersigned suggested that Plaintiff should have **one final**

---

[1] Generally, sur-replies are disfavored by this Court and are only allowed after a party seeks leave to make such a filing.  See Local Rule 7.1 (E).

**opportunity** to file an Amended Complaint. (Document No. 40, p.7) (emphasis added). The Court further stated that:

> In filing an Amended Complaint, Plaintiff may use the same form Complaint she used originally, attaching additional information such as supporting facts, as appropriate. Any Amended Complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, and should also include the relevant charge(s) of discrimination and notice(s) o[f] right to sue. The Amended Complaint is also a final opportunity for Plaintiff to accurately identify the defendant(s) and to describe her claims.
> . . .
> *If* Plaintiff is seeking to add additional claims to this action, she will now have one final opportunity as discussed above. However, as noted by the EEOC, the "Charge Of Discrimination" No. 430-2016-01556 appears to have been untimely filed and is therefore unlikely to support any additional claims in this lawsuit. See (Document Nos. 27 and 28).

Id.

On October 6, 2016, Plaintiff filed her "Amended Response/Complaint" (Document No. 41); and on October 11, 2016, she filed her "Objection" (Document No. 42) to the "Memorandum And Recommendation And Order."

Based on Plaintiff's "Amended Response / Complaint" (Document No. 41), the Honorable Robert J. Conrad, Jr. issued an "Order" (Document No. 47) on December 19, 2016, dismissing as moot: "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 23); the recommendation portion of the "Memorandum And Recommendation And Order" (Document No. 40); and *Pro Se* Plaintiff's "Objection" (Document No. 42).

Now pending before the Court is the third motion to dismiss – "Defendant's Motion To Dismiss Plaintiff's Amended Response/Complaint" (Document No. 43) filed on October 26, 2016. Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (6). (Document No. 43-1). Plaintiff filed her "Response" (Document No. 45) on November 14, 2016. The "Notice By

Defendant: No Reply To Plaintiff's Response In Opposition Of Defendant's Motion To Dismiss Plaintiff's Amended Response/Complaint" (Document No. 46) was filed on November 15, 2016.

The pending motion to dismiss is ripe for review, and a recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

## II.  STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v.

American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

### III. DISCUSSION

**A.    Plaintiff's "Amended Response / Complaint"**

As an initial matter, the undersigned notes that Plaintiff's "Amended Response / Complaint" (Document No. 41) does not attach a copy of a Charge Of Discrimination, or a Notice Of Right To Sue from the EEOC, despite the Court's previous directions that such documents must be included. See (Document No. 2) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) ("this Court will require Plaintiff to furnish the Court with the EEOC Notice of Charge so that the Court may determine the scope of this lawsuit.")); (Document No. 17, p.4) ("Plaintiff's Amended Complaint should attach any relevant Charge Of Discrimination and Notice Of Right To Sue."); and (Document No. 40, p.7) ("Any Amended Complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, and should also include the relevant charge(s) of discrimination and notice(s) o[f] right to sue.").

7

Nevertheless, the Court will liberally construe *pro se* Plaintiff's most recent Complaint as incorporating by reference her previously filed "Notice Of Right To Sue" (Document No. 1-1) and "Charge Of Discrimination" No. 430-201-00995, (Document No. 8-1), both based on an allegation of discrimination based on retaliation occurring on April 15, 2015. Specifically, Charge No. 430-201-00995 contends that Plaintiff was retaliated against on April 15, 2015, when she "received a written warning from the Principal and mandatory instruction to attend EAP" – based on an EEOC charge filed in 2013, Charge No. 430-2013-01908. (Document No. 8-1).

Plaintiff's filing *does* attach two letters from the EEOC, dated January 5 and 11, 2016 – referencing EEOC Charge No. 430-2015-01464; however those letters suggest that Plaintiff had filed, or attempted to file, a Charge Of Discrimination that the EEOC found untimely. (Document No. 41, pp.9-12). Plaintiff has not attached a "Charge Of Discrimination" related to Charge No. 430-2015-01464; however, she has previously filed a "Dismissal And Notice Of Rights" dated January 21, 2016, well after this lawsuit was filed. See (Document No. 16, pp.1, 4). As previously noted by Judge Conrad, a copy of the Charge of Discrimination is required to determine the scope of any subsequent judicial complaint. See (Document No. 3, p.2).

Plaintiff's "Amended Response / Complaint" also attaches a "Request For Reconsideration" sent to the EEOC regarding EEOC Charge No. 430-2016-01556, asking that charges of race and age be included with previous charges based on disability and retaliation. (Document No. 41, pp.16-17). Again, Plaintiff declined to attach the referenced EEOC Charge No. 430-2016-01556, or a related Notice Of Right To Sue, and it appears that Charge No. 430-2016-01556 was filed almost a year *after* the filing of this lawsuit. Id. This Court has also recently opined that "as noted by the EEOC, the "Charge Of Discrimination" No. 430-2016-01556 appears

to have been untimely filed and is therefore unlikely to support any additional claims in this lawsuit." (Document No. 40, p.7) (citing Document Nos. 27 and 28).

As this Court has noted about Plaintiff's prior Complaint, the "Amended Response / Complaint" (Document No. 41) "includes little, if any, factual support for Plaintiff's claims and is notably vague about when the alleged discriminatory acts occurred." (Document No. 40, p.2). In fact, similar to Plaintiff's previous Complaint(s), the "Amended Response / Complaint" appears to assert allegations that are unrelated to the underlying "Charge Of Discrimination" No. 430-2015-00995, based on retaliation. See (Document No. 40, p.4); (Document No. 8-1). For example, Plaintiff asserts that this Court has jurisdiction over this action pursuant to "the Civil Rights Act, The American Disabilities Act of 2008 . . . and The Age Discrimination Act," although the underlying "Charge Of Discrimination" does not allege discrimination based on race, color, sex, age, or disability. See (Document No. 8-1).

To the extent the "Amended Response / Complaint" does address retaliation, it alleges Plaintiff was "retaliated against when I was terminated by my former employer." (Document No. 41, p.1). This allegation is inconsistent with the Charge Of Discrimination, which appears to pre-date Plaintiff's alleged termination. Compare (Document No. 8-1) and (Document No. 41, p.1). Even liberally construing the instant Complaint, and accepting all "factual allegations" as true, Plaintiff's filing does not "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56). Instead, the "Amended Response / Complaint" makes fleeting and conclusory references to retaliation, disability, and termination, without any factual support or explanation.

In short, the status of this case has not noticeably changed since the undersigned's previous "Memorandum And Recommendation…" over five (5) months ago, observing that "it appears that

9

the record still lacks a proper Amended Complaint that satisfies Fed.R.Civ.P. 8 and attaches relevant EEOC documents." (Document No. 40, p.6).

### B. Motion To Dismiss

Defendant now re-asserts several arguments for dismissal of this lawsuit in its entirety: (1) Plaintiff fails to state a claim upon which relief can be granted; (2) the Court lacks subject matter jurisdiction; and (3) this Court lacks personal jurisdiction over this action. (Document Nos. 43 and 43-1). Defendant observes that "Plaintiff failed to correct deficiencies noted by Defendant and this Court in her Amended Response/Complaint." (Document No. 43-1, p.2).

First, Defendant argues that the instant Complaint fails to state a claim upon which relief may be granted because the "'facts' as alleged" do not support a plausible claim for any action that could be brought pursuant to Title VII. (Document No. 43-1) (citing Jordan v. Alt. Res. Corp., 458 F.3d 332, 346-47 (4th Cir. 2006)). Defendant contends there are not even "threadbare recitals" of the elements of any claim under Title VII alleged here. Id.

Next, Defendant contends that subject matter jurisdiction is lacking because the "scope of the plaintiff's claims in a lawsuit following the filing of an EEOC charge are confined by the charge; if a claim is outside the scope of the charge, then it is procedurally barred." (Document No. 43-1, p.6) (citing Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009)). Defendant further contends that a claim "will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." (Document No. 43-1, pp.6-7) (quoting Jones, 551 F.3d at 300). Defendant argues that the present action appears to claim discrimination based on race and age, while the related EEOC Charge involves an allegation of retaliation. (Document No. 43-1, p.7).

Finally, Defendant argues that this action must be dismissed because it "has not been served with the original Complaint or the Amended Response/Complaint." (Document No. 43-1, p.8).

In response, Plaintiff requests that the Court not dismiss her lawsuit, but Plaintiff does not directly respond to Defendant's arguments for dismissal. (Document No. 45). Plaintiff further requests that the Court review "all of the documents, statements, right to sue letters issued by me as evidence that I have supplied to this court." (Document No. 45, p.1). Plaintiff also seems to ask the Court to review documents from, or filed with, the EEOC, although it is unclear that they are relevant to this lawsuit, and may not have been provided. Id. For example, Plaintiff asks the Court to review EEOC charges **filed in 2013**, even though this action was initiated on June 24, 2015, based on EEOC Charge No. 430-2015-00995 filed on April 15, 2015, and Plaintiff has not asserted allegations based on a 2013 EEOC charge. Id.

As noted above, Defendant timely informed the Court that it would decline to file a reply brief in support of its motion. (Document No. 46)

The undersigned finds Defendant's arguments persuasive. See (Document No. 43-1). As addressed by the Court and Defendant above, and despite numerous opportunities to amend, Plaintiff's Complaint continues to be legally deficient.

The undersigned finds that even if Plaintiff's "Amended Response/Complaint" were not otherwise deficient, the incident it is based on – a purported written warning and instruction to attend EAP – does not appear to rise to the level of a discriminatory retaliation. Rather, a retaliation claim requires a showing that: (1) the plaintiff engaged in a protected activity; (2) the employer took an adverse employment action against the plaintiff; and (3) a causal connection existed between the protected activity and the adverse employment action. See Moser v. Drillers, Service, Inc., 988 F.Supp.2d 559, 566 (W.D.N.C. 2013); Hoffman v. Family Dollar, 99 F.Supp.3d 631,

636 (W.D.N.C. 2011). "General complaints of mistreatment, without more, do not give rise to protected activity." Russell v. BSN Medical, Inc., 721 F.Supp.2d 465, 477 (W.D.N.C. 2010).

Here, Plaintiff has failed to assert any factual allegations explaining a causal connection between an EEOC Charge in 2013, and "a written warning from the Principal and a mandatory instruction to attend EAP" on April 15, 2015. See (Document No. 8-1) and (Document No. 41). Moreover, it is not alleged that receiving a warning letter and mandatory instruction to attend EAP is an adverse employment action. In fact, Plaintiff does not explain what an EAP is, or describe this alleged retaliation in the current Complaint. Id. As Defendant suggests, the pending "Amended Response/Complaint" does not even set out the elements of a retaliation claim, much less provide sufficient factual support for such a claim.

## IV. RECOMMENDATION

**BASED ON THE FOREGOING**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Amended Response/Complaint" (Document No. 43) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond,

416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send a copy of this "Memorandum And Recommendation" to the *pro se* Plaintiff by certified mail, return receipt requested.

**SO RECOMMENDED**.

Signed: March 3, 2017

*[signature]*

David C. Keesler
United States Magistrate Judge