# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00275-RJC-DCK

| | |
|---|---|
| THOMASINA GEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| CHARLOTTE MECKLENBURG SCHOOLS, | ) ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 43), and the related pleadings; the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 48); Plaintiff's objections, responses and letters related to the Magistrate Judge's M&R, (Doc. Nos. 49, 50, 53–56); and Defendant's Reply to Plaintiff's Objections to the Magistrate Judge's M&R, (Doc. No. 52).

## I. BACKGROUND

Pro se Plaintiff filed several objections, responses, and letters related to the Magistrate Judge's M&R (Doc. Nos. 49, 50, 53–56). As part of these filings, Plaintiff continues to assert she has submitted all required documents and proof of discrimination against her, and further requests the Court review all relevant facts and evidence presented by Plaintiff. See (Doc. Nos. 49, 55). Nevertheless, after a close review of Plaintiff's contentions, the Court adopts the factual and procedural background as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A)

and (B).  The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).  De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations.  Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200.  Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving that this Court has subject matter jurisdiction over this lawsuit. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Where, as here, a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. Therefore, the district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

While considering Defendant's Motion, the Court remains mindful of Plaintiff's pro se status and that pro se filings are to be liberally construed and must be held to "less stringent

standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations omitted).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which a specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Here, while Plaintiff has objected to the M&R in form, Plaintiff has failed to directly and specifically respond to the M&R. See (Doc. Nos. 49, 50, 53–56). Plaintiff simply and repeatedly requests the Court to reconsider and rule in her favor. See (Doc. Nos. 49, 50, 53–56). This Court has conducted a full and de novo review of the M&R and other documents of record and, having done so, hereby adopts the M&R and grants Defendant's Motion to Dismiss.

This Court agrees with both the Defendant and the Magistrate Judge that subject matter jurisdiction is lacking in this case. A court lacks subject matter jurisdiction if the plaintiff's claim following the filing of an Equal Employment Opportunity Commission charge is outside the scope of said charge. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (noting the scope of a plaintiff's right to file a federal lawsuit is determined by the charge, which must be sufficiently precise to describe generally the actions or practices of which are complained).

Throughout the two-plus years this case has dragged on, this Court has repeatedly requested valid copies of a Notice of Right to Sue and a Charge of Discrimination within the scope of Plaintiff's claims in this suit. (Doc. Nos. 17, 40). Despite Plaintiff's four different opportunities to do so, (Doc. Nos. 16, 18, 21, 41), Plaintiff's latest Amended Complaint yet again fails to satisfy the Court's request. (Doc. No. 41). Instead, Plaintiff continues to make broad requests for a trial

by jury, that this Court review all facts and evidence submitted throughout this case, and that this Court add negligence claims against the Defendant. (Doc. Nos. 49, 50, 53, 56). The Court has been lenient with Plaintiff and given her more than ample opportunities to remedy deficiencies in her complaints. Yet, the same results continue—inadequate complaints and requests for further amendment and greater leniency.

Even if this court, like the Magistrate Judge, liberally construes pro se Plaintiff's most recent Amended Complaint as incorporating by reference her previously filed Charge and Notice of Right to Sue No. 430-2015-00995, (Doc. No. 8-1), the Charge is still outside the scope of Plaintiff's claims in this suit. (Doc. No. 41). Plaintiff's Charge No. 430-2015-00995 is based on alleged retaliation for a previously filed EEOC charge in 2013. (Doc. No. 8-1). The most recent Amended Complaint, on the other hand, includes little, if any, factual support for Plaintiff's claims, and asserts that this Court has jurisdiction based on "the Civil Rights Act, the American Disabilities Act of 2008 . . . and The Age Discrimination Act." (Doc. No. 41). Because the allegations here are outside the scope of the Charge and Notice of Right to Sue, this Court lacks subject matter jurisdiction.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 48), is **ADOPTED**;
2. Defendant's Motion to Dismiss, (Doc. No. 43), is **GRANTED**;
3. Plaintiff's Amended Complaint, (Doc. No. 41), is **DISMISSED without prejudice**; and

4. The Clerk of Court is directed to close this case.

Signed: August 8, 2017

Robert J. Conrad, Jr.
United States District Judge